UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANGELA SILVELS, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   No. 1:04-CV-278 |
| | ) |
| JO ANNE B. BARNHART, | )   Judge Curtis L. Collier |
| Commissioner of Social Security | ) |
| | ) |
|     Defendant. | ) |

**M E M O R A N D U M**

    Plaintiff Angela Silvels ("Plaintiff") initially brought this action on September 9, 2004 seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") finding Plaintiff was not entitled to disability insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding Plaintiff's Motion for Judgment on the Pleadings (Court File No. 16) and Defendant's Motion for Summary Judgment (Court File No. 19). The magistrate judge filed an R&R (Court File No. 21) recommending the decision of the Commissioner be affirmed, Defendant's motion for summary judgment be granted, Plaintiff's motion for judgment on the pleadings be denied, and the case be dismissed. Plaintiff filed timely objections to the R&R (Court File No. 22).

**I.     Standard of Review**

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

**II.    Analysis**

Plaintiff makes two principal objections to the R&R which can generally be stated as follows: (1) the administrative law judge ("ALJ") failed to fully and fairly develop the record by not obtaining an intelligence quotient ("IQ") examination (Court File No. 22 p. 1); and (2) the ALJ improperly rejected the treating opinion of the licensed clinical social worker, Mr. Roy "Bud" Regan, in favor of the consultative psychological examiner, Mr. Benjamin Biller. (Court File No. 22, pp. 2-5). The Court will address each of these in turn.

**A.     Objection #1: ALJ Failed to Fully Develop the Record Because He Did Not Order an IQ Test for Plaintiff**

Plaintiff contends the ALJ should have obtained an IQ examination of the Plaintiff to explore Plaintiff's mental impairment complaints to sufficiently build the record so a reasoned decision could be made about whether Plaintiff had an impairment of equivalent functional severity as a listed impairment (Court File No. 22, p. 1). The magistrate concluded the record contained enough information for the ALJ to make an informed decision. Plaintiff objects to this conclusion. Plaintiff appears to concede there is no evidence in the record to show deficits of adapting functioning manifested prior to age twenty-two (Court File No. 22, p. 1). Plaintiff asserts the failure to test Plaintiff's IQ is not harmless error because mental retardation can be brought about later in life through events such as "poisoning, head injury, and brain damage caused by substance abuse" (*Id.*).

2

While Listing 12.05(c) allows lower than average IQ scores to be combined with other mental and physical limitations to allow a claimant to succeed in a disability claim, it does not excuse the claimant from showing the mental impairment existed before age twenty-two. 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.05. After a close review of the record, the Court agrees sufficient evidence was present in the record to enable the ALJ to make an informed decision with respect to Plaintiff's mental condition. The magistrate's R&R correctly states the law applicable to the facts of the case.

Plaintiff had ample opportunity to present evidence of her alleged mental impairment at the April 2004 supplemental hearing conducted after the psychological and consultative exams were concluded and reports were disclosed to Plaintiff's counsel. At the April 2004 hearing, Plaintiff did not testify, failed to call any witnesses on her behalf, and did not provide any further evidence about a low IQ or any other mental impairment relevant to Listing 12.05(c) (Court File No. 10, Transcript of 4-10-2004 hearing, Tr. pp. 319-34). Since Plaintiff did not provide evidence of mental retardation manifested before age twenty-two as required by Listing 12.05, the ALJ acted reasonably in ordering consultative exams and granting a supplemental hearing but not ordering an IQ test. The ALJ had sufficient information to enable him to make an informed decision regarding Plaintiff's mental condition without obtaining an IQ test.

**B.    Objection #2: ALJ Improperly Rejected the Treating Physician's Opinion**

Next, Plaintiff contends the ALJ improperly rejected the treating opinion of her licensed clinical social worker, Mr. Regan, in favor of the consultative psychological examiner, Mr. Biller (Court File No. 22 pp. 2-5). Again, the Court finds ample evidence in the record to support the

3

ALJ's decision to give less consideration to Mr. Regan's finding of impairment.  Further, the Court finds the magistrate's R&R correctly applied the law to the facts of this case.

The record supports the ALJ's articulated reasons for not accepting Mr. Regan's opinion the claimant's psychological problems render her incapable of working.  (Court File No. 10, Hearing Decision p. 16).  The record shows Mr. Regan's opinion was inconsistent with other treating and consultative opinions, which all concluded Plaintiff did not have an impairment or a combination of impairments which satisfied the requirements of Appendix 1, Subpart P, Regulation No. 4 of the C.F.R. and opined Plaintiff could perform sedentary work.  (*Id.* pp. 12-17).  The Court finds the ALJ sufficiently explained his reasoning for adopting Mr. Biller's opinion over Mr. Regan's opinion and substantial evidence supports the ALJ's decision.

**III. Conclusion**

The Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 21) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), and accordingly will **DENY** Plaintiff's motion for judgment on the pleadings (Court File No. 16), **GRANT** Defendant's motion for summary judgment (Court File No. 19), and **AFFIRM** the Commissioner's decision denying benefits to Plaintiff.

An order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4